IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  ROOM REDEFINED LLC, | ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NUMBER: |
| v. | ) ) | 26-CV-00108-MTS |
| 2.  KARI CLAITT and | ) ) | *Document filed Electronically* |
| 3.  KRYSTAL ABELLAR, | ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, Room Redefined, LLC, a Colorado Limited Liability Company hereinafter, "Room Redefined"), by and through its counsel, complains against Ms. Kari Claitt, an individual, and Ms. Krystal Abellar, an individual, (together the "Defendants"), for injunctive relief and damages arising from Defendants' unlawful behavior including Defendants' unauthorized use of the mark "Redefined Rooms" in connection with professional organizational services and in a manner likely to cause confusion, mistake, or deception as to the source, affiliation, or sponsorship with Plaintiff and its federally registered trademark for ROOM REDEFINED.

## NATURE OF THE CASE

1. This is an action for federal trademark infringement under 15 U.S.C. § 1114 and false designation of origin and unfair competition under 15 U.S.C. § 1125(a) arising from Defendants' unauthorized use of the mark "Redefined Rooms" which is likely to cause confusion with Plaintiff's federally registered "ROOM REDEFINED" mark. Plaintiff Room Redefined seeks damages, attorneys' fees, costs, and both preliminary and permanent injunctive relief.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, Room Redefined, LLC, is a Colorado limited liability company having its principal offices at 3600 S. Narcissus Way, Denver, Colorado. As alleged more fully below, Room Redefined is in the business of providing professional organizing services in interstate commerce in connection with, *inter alia,* the name and mark ROOM REDEFINED.

3. On information and belief, Defendant Ms. Claitt is an individual residing at 7239 S. 92nd E Ave, Unit 4 Tulsa, Oklahoma. As alleged more fully below, Ms. Claitt is engaged in the unauthorized use of, *inter alia*, the name and mark REDEFINED ROOMS in providing professional organizing services.

4. On information and belief, Defendant Ms. Abellar is an individual residing at 825 E Vancouver Street, Broken Arrow, Oklahoma. Upon information and belief, Ms. Abellar engaged in the unauthorized use of, *inter alia*, the name and mark REDEFINED ROOMS in providing professional organizing services.

5. This Court has subject matter jurisdiction under Section 39 of the Federal Trademark Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), in that these claims are brought to determine a question of actual controversy between the parties arising under the trademark and unfair competition laws of the United States.

6. This Court has personal jurisdiction over Defendants Ms. Claitt and Ms. Abellar because they resides within this Judicial District.

7. Venue properly lies in this Judicial District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

part of property that is the subject of the action is situated in, this Judicial District and because Defendant's reside within this Judicial District.

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff, Room Redefined, has been in the business of providing professional organizing services in interstate commerce since at least as early as March 7, 2019. Since its inception in 2018, Room Redefined has provided in-home, electronic and remote organizing services to clients, including, but not limited to, downsizing, relocation, residential, office, and commercial projects.

9. Since at least March 7, 2019, Room Redefined has continuously used the ROOM REDEFINED trade name and service mark in interstate commerce in connection with in-home, electronic and remote organizing services to clients, including downsizing, relocation, residential, office, and commercial projects. Room Redefined has continually advertised its services, and accepted clients, throughout the United States.

10. Room Redefined prominently displays the ROOM REDEFINED mark and logo on its correspondence and advertising materials, including on its website located at www.roomredefined.com. It has operated its website since at least May 7, 2019 and uses the website to promote its professional organizing services. The ROOM REDEFINED mark is prominently displayed throughout the Room Redefined website, in its url, on its Facebook page (@RoomRedefinedDenver), on its LinkedIn page (room-redefined/), on its Instagram page (@roomredefineddenver), on its YouTube channel @roomredefined8218), and others.

11. In addition to owning common law rights in the ROOM REDEFINED mark, Room Redefined is the owner of a federally registered trademark on the Principal Register of the United States Patent and Trademark Office ("USPTO") for the mark "ROOM

REDEFINED" in connection with Class 045/" Organizational services for personal purposes, namely, organizing closets, homes, basements, garages, storage, relocations, home staging, and time management systems," Reg. No. 5,966,815 (the "Federal Registration"). A true and accurate copy of the Certificate of Registration for the foregoing mark is attached as Plaintiff's Exhibit 1 and is incorporated by reference herein. The Federal Registration remains valid and in full force and effect.

12. Additionally, the Federal Registration was awarded incontestability status on July 18, 2025 under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

13. The Room Redefined Mark is "inherently distinctive" and is subject to the strongest and greatest protection.

14. Room Redefined's registration serves as *prime facie* evidence of "…the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate." 15 U.S.C. § 1115.

15. Room Redefined has spent substantial time, money and effort to advertise and promote the Room Redefined Mark in print, in person marketing, and on the Internet via its website and social media pages, as well as through various cross-promotions and more.

16. As a result of Room Redefined's longstanding use, advertising and promotion of the Room Redefined Mark, the Room Redefined Mark has acquired a special significance and meaning to the consuming public as identifying Room Redefined as the source of origin of goods and services that bear the mark. The Room Redefined Mark is broadly recognized and well-known.

17. Based on Room Redefined's long and extensive use of the Room Redefined Mark and Federal Registration therefor, Room Redefined owns the exclusive right to use the mark in connection with organizational services for personal purposes, namely, organizing closets, homes, basements, garages, storage, relocations, home staging, and time management systems throughout Tulsa, Oklahoma, and the United States.

18. Room Redefined has used the Room Redefined Mark in commerce and secured the Federal Registration therefor, before the acts of Defendants in their initial adoption and use of the name and mark "REDEFINED ROOMS" and close variations thereof.

19. On or about May 28, 2020, Defendants began operating as REDEFINED ROOMS (hereafter, the "Infringing Mark"), and began offering professional organizing services. See:



20. The Infringing Mark has been used by Defendants on Redefined Rooms Facebook page. For example:





6

21.     As shown in the true and accurate screenshots of the Redefined Rooms Tulsa Facebook page, taken on February 26, 2026, above, the Defendants market, promote and provide organizing services in conjunction with the mark REDEFINED ROOMS.



22.     As shown in the true and accurate screenshots of the Redefined Rooms Tulsa Facebook and Instagram pages, taken on February 26, 2026, above, the Defendants market, promote and provide organizing services in conjunction with the mark REDEFINED ROOMS.

23.     Neither Defendant is or were affiliated with Plaintiff Room Redefined or were, or are, authorized by Plaintiff to use the Room Redefined Mark in any manner, including in connection with providing professional organizing services.

24. The Infringing Mark, REDEFINED ROOMS and close variations thereof, incorporate both primary elements of the Plaintiff's mark and registration "ROOM REDEFINED" and is highly similar in appearance and sound to the Room Redefined Mark. In addition, the Infringing Mark is being used in connection with, among other things, identical services, namely, the providing of organizing services.

25. Defendants' use of the Infringing Mark in the manner alleged herein is likely to confuse or deceive the purchasing public into believing that Defendants' business and commercial activities are owned, authorized, and/or sponsored by Plaintiff, Room Redefined, or licensed or otherwise approved by or affiliated with Room Redefined, when they are not.

26. Upon information and belief, both Defendants had at least constructive (if not actual) knowledge of Room Redefined' prior rights in and to the ROOM REDEFINED name and Room Redefined Mark long before deciding to adopt and use the Infringing Mark for Defendants' own services.

27. Plaintiff, Room Redefined, through its legal counsel, sent notices of trademark infringement, via the official Redefined Rooms email address listed on its Facebook page, by mail, and also send a message via Facebook objecting to the continued use of the Infringing Mark and demanding that Defendants, among other things, cease all further use of the words "Redefined Rooms" as part of any name or mark in connection with their organizing business.

28. Despite receipt of Room Redefined' notices and after being placed on actual notice of Plaintiff's objections, Defendants have continued to use the Infringing Mark without authorization from Plaintiff, including on Defendants' Facebook and Instagram pages.

## COUNT I

### Trademark and Service Mark Infringement Re: the Lanham Act, 15 U.S.C. § 1114

29. Plaintiff incorporates by reference Paragraphs 1-28 of this Complaint as if set forth in full herein.

30. Plaintiff's federally-registered Room Redefined Mark is strong and distinctive. The federal registration owned by Plaintiff for the Room Redefined Mark presently remains in full force and effect and has achieved incontestability status under Section 15 of the Trademark Act, 15 U.S.C. § 1065. The registration includes use of the Room Redefined Mark in connection with organizational services for personal purposes, namely, organizing closets, homes, basements, garages, storage, relocations, home staging, and time management systems.

31. Plaintiff has invested enormous efforts and sums of money in creating the highly recognized reputation for its Room Redefined Mark. Through Plaintiff's efforts, the Room Redefined Mark has become widely and exclusively associated by the trade and public with Plaintiff in connection to organizing services.

32. Upon information and belief, Defendants were fully or constructively aware of the trade and public's association of the Room Redefined Mark with Plaintiff before they adopted the name REDEFINED ROOMS for use as part of their own organizing business. Upon information and belief, Defendants were actually aware of the trade and public's association of the Room Redefined Mark with Plaintiff upon receiving the notices of infringement from Plaintiff. Despite that, Defendants proceeded to adopt, use and advertise the Infringing Mark in commerce as the dominant part of their name and mark in connection with their organizing business.

33. The adoption, advertising and use by the Defendants of REDEFINED ROOMS as their name and mark in connection with their organizing services has been without the authorization of Plaintiff.

34. Defendants' Infringing Mark, which is dominated by the distinctive term REDEFINED ROOMS, is substantially similar to Plaintiff's well-known name and mark. Defendants' also use the Infringing Mark for services highly related, if not identical, to those rendered and promoted by Plaintiff and in connection with services identical to those sold by Plaintiff under the latter's registered marks. Accordingly, Defendants' ongoing use of the Infringing Mark is likely to confuse, cause mistake or to deceive the relevant trade and public into erroneously believing that Defendants' organizing activities are authorized, approved or sponsored by, or associated with, Plaintiff.

35. Defendants' aforesaid use of REDEFINED ROOMS as their name, service mark, and trademark infringes upon the exclusive rights owned by Plaintiff in its federally-registered ROOM REDEFINED Mark and constitutes a violation of 15 U.S.C. § 1114.

36. Plaintiff requested Defendants to halt their use of the Infringing Mark. Defendants have not complied with that request and they have continued their use of the Infringing Mark. Accordingly, Defendants' ongoing infringement of Plaintiff's rights has been intentional and willful. Defendants' aforesaid conduct has been in bad faith and, at a minimum, in reckless disregard for Plaintiff's rights under the federal Lanham Act.

37. Defendants' willful and infringing conduct has caused, and is causing, irreparable harm to Plaintiff's trademark rights and will continue unless enjoined by the Court. Moreover, Plaintiff is without an adequate remedy at law to halt such ongoing unlawful conduct.

## **COUNT II**

### **Unfair Competition Re: the Lanham Act, 15 U.S.C. § 1125(a)**

38.     Plaintiff incorporates by reference Paragraphs 1-37 of this Complaint as if set forth in full herein.

39.     Defendants' unauthorized use of the Infringing Mark in connection with the promotion of organizing services has been made, advertised and otherwise promoted in interstate commerce within the meaning of the federal Lanham Act.

40.     Defendants' unauthorized use of the Infringing Mark in connection with organizing services is likely to cause confusion, mistake and/or deception as to the source, association, approval or sponsorship of those services.  The relevant trade and public are likely to falsely and erroneously believe that Defendants' mark and services are sponsored by, licensed by, or somehow associated with Plaintiff.

41.     By way of their aforesaid conduct, Defendants' use of the Infringing Mark falsely represents that their services and goods are connected or associated with the services and goods of Plaintiff, all to the harm and damage to Plaintiff's own goodwill in the Room Redefined Mark.  Such willful and intentional conduct on the part of Defendants places Plaintiff's own reputation beyond its control, thereby causing irreparable injury to Plaintiff and amounts to unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42.     Defendants' willful and infringing conduct has caused, is causing, and will cause, irreparable harm to Plaintiff's trademark rights and that conduct will continue unless enjoined by the Court.  Moreover, Plaintiff is without an adequate remedy at law to halt such ongoing unlawful conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court grant it the following relief:

1. Entry of judgment as follows:

    (a) That Defendants have infringed the ROOM REDEFINED Mark under §§ 32 and 43(a) of the Federal Trademark Act; and,

2. That Defendants and each of their agents, employees, servants, attorneys, successors, affiliates and assigns, and all others in privity or acting in active concert or participation with any of them be preliminarily and permanently enjoined from:

    (a) Using any trademark, service mark, domain name, trade name, corporate name, fictitious business name containing the words, REDEFINED ROOMS, in connection with any organizing services;

    (b) Using any domain name that incorporates the wording, REDEFINED ROOMS, in connection with any organizing services;

    (c) Using the words REDEFINED ROOMS in any social media account ID, including, but not limited to any account ID for Facebook, X, Instagram and/or YouTube;

    (d) Using the words REDEFINED ROOMS in any email address;

    (e) Using the words REDEFINED ROOMS, alone or in combination with other words, letters and/or symbols, in any manner which misleads, confuses or deceives or is otherwise likely to mislead, confuse or deceive the trade and/or public as to the origin, affiliation, association or connection of Defendants' goods and/or services with Plaintiff's services;

  (f)  Committing any acts calculated to cause persons to falsely believe that the services of Defendants are associated or connected with, or authorized or licensed by, the Plaintiff; and,

  (g)  Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein.

3. That Defendants be mandatorily enjoined and ordered to cancel all rights, title and interest in the Facebook ID "Redefined Rooms Tulsa" and any other domain name, Facebook account ID or other social media account ID containing the terms, REDEFINED ROOMS including Instagram.

4. Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, that Defendants be directed to deliver up to Plaintiff for destruction all advertisements, promotional materials, labels, signs, prints, packages, wrappers, receptacles, uniforms, business cards, stationery and all other materials in the possession or under the control of Defendants bearing or including the trademark or trade name REDEFINED ROOMS or any other reproduction, counterfeit, copy or colorable imitation of the name and mark ROOM REDEFINED.

5. That Defendants be required to account for and pay over to the Plaintiff any and all profits received by them or either of them from the sale of any services in connection with their use of the words REDEFINED ROOMS and/or as part of a name or mark in connection with the operation of their organizing services. In addition, in view of the willful and intentional nature of Defendants' unlawful acts, Plaintiff requests that such monetary damages be trebled pursuant to 15 U.S.C. §1117(a).

6. That due to the willful and intentional nature of their conduct, Defendants be required to equitably disgorge any and all profits they have made or realized from the sale of services in connection with their use of the Infringing Mark in order to avoid any unjust enrichment on their part.

7. That because of the exceptional nature of the case and the willful and intentional nature of Defendants' unlawful conduct, the Court award Plaintiff its reasonable attorneys' fees in accordance with 15 U.S.C. §1117(a).

8. That this Court award such other and further relief as it shall deem appropriate.

Dated:  February 27, 2026				Respectfully submitted,

					**Sam IP Legal Solutions, P.C.**


					/s/ *Ryan D. Sam*
					Ryan D. Sam, Esq.
					Sam IP Legal Solutions, P.C.
					6767 S. Spruce Street, Suite 140
					Centennial, CO 80112
					(720) 965-3896
					rsam@samiplegalsolutions.com
					*Attorney for Plaintiff*